# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

In Re:  )
        )  NO. 15 B 07521
ADA A. GIRON,  )
        )
        )  Chapter 11
    Debtors  )
        )
        )  Honorable Judge Donald R. Cassling
        )

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on March 17, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Judge Donald R. Cassling at the Everett McKinley Dirksen United States Courthouse, located at 219 South Dearborn Street, Room 619, Chicago, Illinois and will then and there present the attached **MOTION FOR ORDER PERMITTING DEBTOR TO USE CASH COLLATERAL BELONGING TO NORTH COMMUNITY BANK REGARDING 2851 WEST CERMAK ROAD, CHICAGO, ILLINOIS AND 4626 WEST LAWNDALE AVENUE, LYONS, ILLINOIS**, at which time you may appear if you so choose.

                                      BY:   S/PAUL M. BACH, OF COUNSEL
                                            SULAIMAN LAW GROUP, LTD.
                                            COUNSEL FOR DEBTOR(S)
                                            900 JORIE BOULEVARD, SUITE 150
                                            OAK BROOK, IL 60523
                                            PHONE: (630) 575-8181
                                            FAX: (630) 575-8188
                                            ATTORNEY NO: 6209530

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 15 B 07521 |
| ADA A. GIRON, | ) |
| | ) |
| | ) Chapter 11 |
| Debtors | ) |
| | ) |
| | ) Honorable Judge Donald R. Cassling |
| | ) |

## MOTION FOR ORDER PERMITTING DEBTOR TO USE CASH COLLATERAL BELONGING TO NORTH COMMUNITY BANK REGARDING 2851 WEST CERMAK ROAD, CHICAGO, ILLINOIS AND 4626 WEST LAWNDALE AVENUE, LYONS, ILLINOIS

NOW COMES the debtor, Ada A. Giron, by and through her attorney Paul M. Bach, Of Counsel and Penelope N. Bach, Of Counsel of Sulaiman Law Group, Ltd, and moves this Court pursuant to 11 USC 363 and Federal Rule of Bankruptcy Procedure 4001(b) to enter an order permitting it to use cash collateral belonging to North Community Bank as to 2851 West Cermak Road, Chicago, Illinois and 4626 West Lawndale Avenue, Lyons, Illinois and in support thereof represents to the Court as follows:

### BACKGROUND

1. On March 3, 2015, Debtors filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. That at the time of filing and listed on the schedules the debtor owned real estate commonly known as 2851 West Cermak Road, Chicago, Illinois and 4626 West

    Lawndale Avenue, Lyons, Illinois (hereinafter called "the real estate collectively"). 2851 West Cermak Road, Chicago, Illinois is a one floor commercial store. 4626 West Lawndale Avenue, Lyons, Illinois.

3. On information and belief, there is one collective mortgage lien in favor of North Community Bank which is cross collateralized for both 2851 West Cermak Road, Chicago, Illinois and 4626 West Lawndale Avenue, Lyons, Illinois in the approximate amount of $530,514.54. The undersigned counsel has not had an opportunity to examine the security interest of North Community Bank. Should the security interest of North Community Bank not be properly secured or contain provisions for any cash collateral, this motion will be withdrawn.

4. Legal title is held by a land trust in which the Debtor holds the beneficial interest.. See *In Re Gladstone Glen*, 628 F. 2d 1015 (7th Cir. 1980) where the Seventh Circuit stated, "A court of bankruptcy, being a court of equity, looks through the form to the substance of the transaction in determining whether ... a situation (is) properly cognizable under ... the Bankruptcy Act".

5. Once the debtor has possession of the funds paid by her tenants the Debtor will need the entry of an order to allow the use of cash collateral in order to pay the expenses of the real estate – subject to the verification of the security interest as stated above.

6. If the Debtor is not given the use of Cash Collateral, the Debtor will be unable to pay the expenses of the real estate. If the expenses are not paid in a timely manner, the Debtor would then be forced into a premature liquidation.

## NOTICE

7. Pursuant to 4001(b) of the Bankruptcy Rules, debtor must give fourteen (14) days notice to all creditors and parties in interest of a motion requesting leave to use Cash Collateral. Notice of the Motion has been served upon the United States Trustee, all parties holding a lien on the real estate and the twenty largest creditors. The Debtor has noticed this Motion on less than fourteen days notice but are requesting entry of an interim order to allow the payment of interim expenses. The Debtor expects no final order to be entered on the original date this Motion is noticed but that this Motion will be continued until after the fourteen day period elapsed.

## SECURITY INTEREST OF NORTH COMMUNITY BANK

8. As stated above, Debtor believes that there is a first priority pre-petition mortgage, on the real estate in favor of North Community Bank in the approximate amount of $530,514.54.

## DEBTOR REQUESTS USE OF CASH COLLATERAL

9. The Debtor requires the use of the cash collateral as it is defined in section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of sections 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated income and expenses for both properties are attached as an Exhibit.

10. North Community Bank will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that North Community Bank be granted replacement liens upon the assets in Debtor's Possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, subject to verification of the extent and validity of the liens. In addition, as adequate protection, the Debtor purposes to make monthly adequate protection payments to North Community Bank for the first priority mortgage in the amount of $400.00 per month as to 2851 West Cermak Road, Chicago, Illinois and $1,000.00 per month as to 4626 West Lawndale Avenue, Lyons, Illinois and to grant North Community Bank a replacement lien upon proceeds from assets Debtors acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

11. The use of collateral by the Debtor will cause little, if any, harm to North Community Bank. Conversely, the harm to the Debtors will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtors further believes that North Community Bank is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized.

## DISCLOSURE PURSUANT TO LOCAL RULE 4001-2

12. Debtors represent that none of the provisions of the proposed cash collateral warrant highlighting as required by Local Rule 4001-2

WHEREFORE, Debtor ADA A. GIRON, prays that an order be entered as follows:

A. Authorizing ADA A. GIRON to utilize the cash collateral of North Community Bank, to the extent needed pursuant to the attached budget;

B. Granting a lien on the proceeds of the Cash Collateral of North Community Bank the Debtor acquires subsequent to the filing of the Chapter 11 petition subject to the extent and validity of the lien;

C. For such other and further relief as this Court deems just and proper.

Respectively Submitted,

ADA A. GIRON
By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Ms. Penelope N. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-07521 |
| ADA A. GIRON | ) | |
| | ) | Chapter: 11 |
| | ) | |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363(C)(2) AND BANKRUPTCY RULE 4001(b) AS TO NORTH BANK RELATING TO MOTION FOR ORDER PERMITTING DEBTOR TO USE CASH COLLATERAL BELONGING TO NORTH COMMUNITY BANK REGARDING 2851 WEST CERMAK ROAD, CHICAGO, ILLINOIS AND 4626 WEST LAWNDALE AVENUE, LYONS, ILLINOIS

This matter coming to be heard on the Motion of the Debtors, ADA A. GIRON's Motion for Use of Cash Collateral, pursuant to Section 363(c)(2)of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) due proof of service to all parties entitled to notice the court being advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED

a) The Debtors are authorized to use cash collateral of North Community Bank as to the real estate commonly known as 2851 West Cermak Road, Chicago, Illinois and 4626 West Lawndale Avenue, Lyons, Illinois upon the terms and conditions contained in this order;

b) North Community Bank is hereby granted replacement liens in the real estate commonly known as 2851 West Cermak Road, Chicago, Illinois and 4626 West Lawndale Avenue, Lyons, Illinois and the rents received by the Debtor in that real estate;

c) The liens and security interest granted herein to North Community Bank shall have the same validity, perfection, and enforceability as the pre petition liens held by North Community Bank without and further action by the Debtor or North Community Bank and without executing or recording any financing statements, security agreements or other documents;

d) The Debtor shall maintain adequate property insurance on "). 2851 West Cermak Road, Chicago, Illinois is a one floor commercial store. 4626 West Lawndale Avenue, Lyons, Illinois listing North Community Bank as a lienholder;

e) Beginning April 1, 2015 and the 1st of each month thereafter until further order of Court, the Debtor shall make adequate protection payments to North Community Bank in the amount of $400.00 per month as to 2851 West Cermak Road, Chicago, Illinois and $1,000.00 per month as to 4626 West Lawndale Avenue, Lyons, Illinois;

f) Subject to the terms and conditions contained in this Order, the Debtors may use cash and cash collateral to the extent set forth.

g) The court retains jurisdiction as to how the adequate protection payments authorized in this Order or subsequent orders are allocated.

Enter:

Dated:                                                    United States Bankruptcy Judge

**Prepared by counsel of Movant:**

Mr. Paul M. Bach, Esq., Of Counsel
Ms. Penelope N. Bach., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181

Rev: 20101008_bko

Ada Girage
15-7521
Cash Collateral Budget
4626 Lawndale, Lyons, Illinois

**Income**
Rents Received                $5,155.58

**Expenses**
North Community Bank          $1,000.00
Cleaning and Maintenance        $500.00
Insurance                       $200.00
Management Fees                 $300.00
Pest Control                     $50.00
Plumbing and electrical         $200.00
Repairs                         $300.00
Supplies                        $100.00
Real Estate Taxes             $1,548.77
Utilities                       $900.00
**Gross Expenses**            **$4,098.77**

Net Income                    $1,056.81

Ada Gi
15-7521
Cash Collateral Budget
2851 Cermak, Chicago, Illinois

**Income**
Rental Income              $1,545.00

**Expenses**
North Community Bank       $400.00
Cleaning and Maintenance    $75.00
Insurance                  $150.00
Management Fee             $200.00
Repairs                    $100.00
Real Estate Taxes          $555.00
Utilities                  $150.00
**Total**                  **$1,230.00**

**Net Income**             **$315.00**