### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 15 B 07521 |
| ADA A. GIRON, | ) |
| | ) |
| | ) Chapter 11 |
| Debtors | ) |
| | ) |
| | ) Honorable Judge Donald R. Cassling |
| | ) |

### NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on April 14, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Judge Donald R. Cassling at the Everett McKinley Dirksen United States Courthouse, located at 219 South Dearborn Street, Room 619, Chicago, Illinois and will then and there present the attached **MOTION FOR ORDER PERMITTING DEBTOR TO USE CASH COLLATERAL BELONGING TO NORTH COMMUNITY BANK/BYLINE BANK (Byline Bank) REGARDING 3547 W. 26TH STREET, CHICAGO, ILLINOIS AND 9437 BURLINGTON AVENUE, BROOKFIELD, ILLINOIS**, at which time you may appear if you so choose.

BY:   S/PAUL M. BACH, OF COUNSEL
      SULAIMAN LAW GROUP, LTD.
      COUNSEL FOR DEBTOR(S)
      900 JORIE BOULEVARD, SUITE 150
      OAK BROOK, IL 60523
      PHONE: (630) 575-8181
      FAX: (630) 575-8188
      ATTORNEY NO: 6209530

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 15 B 07521 |
| ADA A. GIRON, ) | |
| ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

### MOTION FOR ORDER PERMITTING DEBTOR TO USE CASH COLLATERAL BELONGING TO NORTH COMMUNITY BANK/BYLINE BANK REGARDING 3547 W. 26TH STREET, CHICAGO, ILLINOIS AND 9437 BURLINGTON AVENUE, BROOKFIELD, ILLINOIS

NOW COMES the debtor, Ada A. Giron, by and through her attorney Paul M. Bach, Of Counsel and Penelope N. Bach, Of Counsel of Sulaiman Law Group, Ltd, and moves this Court pursuant to 11 USC 363 and Federal Rule of Bankruptcy Procedure 4001(b) to enter an order permitting it to use cash collateral belonging to North Community Bank/Byline Bank as to 3547 W. 26th Street, Chicago, Illinois ("26th Street") and 9437 Burlington Avenue, Brookfield, Illinois ("Burlington") and in support thereof represents to the Court as follows:

### BACKGROUND

1. On March 3, 2015, Debtors filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. That at the time of filing and listed on the schedules the debtor owned real estate commonly known as 3547 W. 26th Street, Chicago, Illinois and 9437 Burlington Avenue, Brookfield, Illinois ("the real estate collectively").

3. The 26th Street property is a commercial property with one residential unit Attached and the Burlington property is Multi-unit residential building with four units.

4. On information and belief, there are two distinct mortgage liens in favor of North Community Bank, now Byline Bank, the undersigned counsel has not had an opportunity to examine the security interests of North Community Bank/Byline Bank. Should the security interests of North Community Bank/Byline Bank not be properly secured or contain provisions for any cash collateral, this motion will be withdrawn.

5. Once the debtor has possession of the funds paid by her tenants the Debtor will need the entry of an order to allow the use of cash collateral in order to pay the expenses of the real estate – subject to the verification of the security interest as stated above.

6. If the Debtor is not given the use of Cash Collateral, the Debtor will be unable to pay the expenses of the real estate. If the expenses are not paid in a timely manner, the Debtor would then be forced into a premature liquidation.

## NOTICE

7. Pursuant to 4001(b) of the Bankruptcy Rules, debtor must give fourteen (14) days notice to all creditors and parties in interest of a motion requesting leave to use

Cash Collateral. Notice of the Motion has been served upon the United States Trustee, all parties holding a lien on the real estate and the twenty largest creditors. The Debtor has noticed this Motion on less than fourteen days notice but are requesting entry of an interim order to allow the payment of interim expenses. The Debtor expects no final order to be entered on the original date this Motion is noticed but that this Motion will be continued until after the fourteen day period elapsed.

## SECURITY INTEREST OF NORTH COMMUNITY BANK

8. Debtor believes that there is a first priority pre-petition mortgage, on the 26th Street property in favor of North Community Bank/Byline Bank in the approximate amount of $ 305,745.00.

9. Debtor believes that there is a first priority pre-petition mortgage, on the Burlington Property in favor of North Community Bank/Byline Bank in the approximate amount of $ 228,137.00.

## DEBTOR REQUESTS USE OF CASH COLLATERAL

10. The Debtor requires the use of the cash collateral as it is defined in section 363(a) of the Bankruptcy Code and requests authorization of this Court to utilize the cash collateral pursuant to the provisions of sections 363(c)(2)(B) of the Bankruptcy Code. A statement showing Debtor's anticipated income and expenses for both properties are attached as an Exhibit.

11. North Community Bank/Byline Bank will not be harmed by the interim use of cash collateral generated from the assets and proceeds thereof. As to the use thereof, the Debtor proposes that North Community Bank/Byline Bank be granted replacement liens upon the assets in Debtor's Possession subsequent to the filing of the Chapter 11 petition to the extent of the collateral utilized, subject to verification of the extent and validity of the liens. In addition, as adequate protection, the Debtor purposes to make monthly adequate protection payments to North Community Bank/Byline Bank for the first priority mortgage in the amount of $1,330.62 per month as to 26th Street and $992.87 per month as to Burlington and to grant North Community Bank/Byline Bank a replacement lien upon proceeds from assets Debtors acquires subsequent to the filing of the Chapter 11 petition to the extent that the collateral is utilized subject to verification of the extent and validity of the lien.

12. The use of collateral by the Debtor will cause little, if any, harm to North Community Bank. Conversely, the harm to the Debtors will be substantial because the use of cash collateral is essential to its status as a going concern. The Debtors further believes that North Community Bank/Byline Bank is fully protected for the value of its lien provided by a replacement lien to the extent of collateral utilized.

## DISCLOSURE PURSUANT TO LOCAL RULE 4001-2

13. Debtors represent that none of the provisions of the proposed cash collateral warrant highlighting as required by Local Rule 4001-2

WHEREFORE, Debtor ADA A. GIRON, prays that an order be entered as follows:

A. Authorizing ADA A. GIRON to utilize the cash collateral of North Community Bank/Byline Bank, to the extent needed pursuant to the attached budget;

B. Granting a lien on the proceeds of the Cash Collateral of North Community Bank/Byline Bank the Debtor acquires subsequent to the filing of the Chapter 11 petition subject to the extent and validity of the lien;

C. For such other and further relief as this Court deems just and proper.

Respectively Submitted,

ADA A. GIRON
By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Ms. Penelope N. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181