UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  15-07521 |
| Ada A. Giron | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER APPROVING AND/OR AUTHORIZING THE SALE OF 50438 51ST AVENUE LAWRENCE, MICHIGAN TO URIAH AND SARAH MILLER AND FOR SHORTENED NOTICE**

This matter having come before the Court on the Debtor's Motion ("the Motion")for Order (A) Approving and/or Authorizing (I) the sale of that certain Real Property commonly known as 50438 51st Avenue, Lawrence, Michigan, (the "Lawrence Property"), as more specifically described in the Motion; and (II) for Shorten Notice due Proof of Service of all parties entitled to Notice having been given, the Court being advised, therefore, it is hereby

ORDERED that the relief requested in the Motion is granted, subject in all respects to the terms and conditions contained in this Order; and it is further

ORDERED that the Contract, is hereby approved in its entirety, a copy of which was attached to the Motion and the terms of which are incorporated herein by reference and that the failure specifically to include any particular provisions of the Contract in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be authorized and approved in its entirety; and it is further

ORDERED that the Debtor is authorized and directed to sell the Lawrence Property, including the land as more particularly described in the Contract, the improvements thereon, and all personal property specified in the Contract to Uriah and Sarah Miller pursuant to Section 363(b) of the Bankruptcy Code; and it is further

ORDERED that the transfer of the Lawrence Property to Uriah and Sarah Miller pursuant to the Contract as approved by this Order (a) is or shall be a legal, valid, and effective transfer of the Lawrence Property; authorized and directed pursuant to the Bankruptcy Code, and (b) vests or shall vest Uriah and Sarah Miller with all right, title, and interest of the Debtor in and to the Lawrence Property free and clear of all liens, claims and encumbrances (other than Uriah and Sarah Miller's obligations) to the full extent of Section 363 of the Bankruptcy Code; and it is further

ORDERED that the sale of the Lawrence Property to Uriah and Sarah Miller is authorized to occur on substantially the same terms and conditions set forth in the Contract accepted on November 17, 2015 between the Debtor and Uriah and Sarah Miller, subject to the modifications stated herein, which shall include the following terms and conditions:

a. The Debtor shall sell the bankruptcy estate's interest in the Lawrence Property to Uriah and Sarah Miller on an "AS IS, WHERE IS" basis, free and clear of any liens, claims, interests, assessments and encumbrances, pursuant to 11 U.S.C. § 363, with any valid liens, claims, interests, assessments and

encumbrances shall attach to the proceeds of sale to the fullest extent under Section 363(f) of the Bankruptcy Code (provided, that it is agreed that Debtor may transfer the Lawrence Property described in the Contract subject to the Permitted Exceptions described in the Contract, which Permitted Exceptions may have been extinguished pursuant to this Order, but which extinguishment or non-extinguishment is not a condition precedent to Purchasers' obligation to close under the Contract);

b. Uriah and Sarah Miller shall pay Debtor the sum of Two Hundred Thirty-Five Thousand Dollars ($235,000.00) (the "Purchase Price") to purchase the Lawrence Property upon the closing of the transactions under the Contract, subject to adjustments and pro-rations as set forth in the Contract, as follows:

(i) Uriah and Sarah Miller has paid an initial earnest money deposit in the amount of Five Hundred Dollars ($500.00), which amount shall be contributed toward Uriah and Sarah Miller's obligation to pay the Purchase Price under the Contract.

(ii) The balance of the Purchase Price, subject to pro-rations and adjustments as set forth in the Contract, shall be paid at closing and distributed (or caused to be distributed) as set forth in this Order.

c. Upon receipt of the Purchase Price and upon satisfaction of the terms and conditions of the Contract, Debtor shall convey all of its interest in the Lawrence Property to Uriah and Sarah Miller by Deed; and it is further

ORDERED that the Debtor has and had (i) full power and authority to execute the Contract and all other documents contemplated thereby and the sale of the Lawrence Property, all appropriate action has been taken by the Debtor and no further consents or approvals are required for consummation of the Contract; and it is further

ORDERED that the Debtor is authorized to and shall pay and/or satisfy at closing (and shall cause any title company or other closing agent handling the closing of the transactions under the Sale Contract to pay), from the Purchase Price, in order of priority, (i) reasonable closing costs; including any and all taxes and outstanding sewer and other utility liens running with the Lawrence Property as provided under the Contract, (ii) $25,000.00 shall be held in Sulaiman Law Group, Ltd. Trust account for distribution to General Unsecured Creditors upon Confirmation of the Debtor's Chapter 11 Plan; it is further

ORDERED that this Court retains jurisdiction to interpret, enforce and implement the terms and provisions of the Contract, including all attachments thereto, all amendments thereto, any waivers and consents thereunder, and of each of the documents executed in connection therewith in all respects, including, but not limited to, retaining such jurisdiction to (a) compel delivery of the Lawrence Property to Uriah and Sarah Miller (b) resolve any disputes arising under or related to the Contract, (c) interpret, implement, and enforce the provisions of this Sale Order, and (d) protect Uriah and Sarah Miller against any Claims against or encumbrances on or in the Lawrence Property; and it is further

ORDERED that all proceeds from the sale – net of (i) reasonable closing costs and (ii) $25,000 held in trust – shall be tendered to Byline Bank and Waterfall Olympic Master Fund Grantor Trust, Series II (serviced through Key Bank) at closing in equal shares.

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated:  December 10, 2015

**Prepared by:**

Mr. Paul M. Bach, Esq., Of Counsel
Ms. Penelope N. Bach., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181