UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Ada A. Giron<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:  15-07521<br><br>Chapter: 11<br>Honorable Donald R. Cassling |

Final ~~FIFTEENTH~~ INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTION 363(C)(2) AND BANKRUPTCY RULE 4001(b) WITH REGARD TO 3547 W. 26TH STREET, CHICAGO, IL (ORIGINAL MOTION DOCKET NUMBER 22)

This matter coming to be heard on the Motion (the "Motion") of ADA A. GIRON (the "Debtor") for Use of Cash Collateral, pursuant to Section 363(c)(2) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) due proof of service to all parties entitled to notice the court being advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED

a) The Debtor is authorized to use the Cash Collateral (as defined below) of Byline Bank f/k/a North Community Bank ("Byline") as to the real property commonly known as 3547 W. 26th Street, Chicago, Illinois ("Real Property") upon the terms and conditions contained in this order;

b) Byline is hereby granted replacement liens in the Real Property and the cash, rents, accounts receivable, cash equivalents, and cash collateral as defined in section 363(a) of the Bankruptcy Code (collectively, the "Cash Collateral") received by the Debtor from the Real Property;

c) The liens and security interest granted herein to Byline shall have the same validity, perfection, and enforceability as the prepetition liens held by Byline without any further action by the Debtor or Byline and without executing or recording any financing statements, security agreements or other documents;

d) The Debtor shall maintain adequate property insurance on the Real Property listing Byline as a lienholder;

e) Beginning with the entry of this order and continuing the 1st of each month thereafter until further order of Court, the Debtor shall make adequate protection payments to Byline as to the Real Property in the amount of $2,941.00 per month;

f) Subject to the terms and conditions contained in this Order, the Debtor may use Cash Collateral to the extent set forth in the budget attached to the Motion through ~~and including September 30, 2016,~~ Confirmation

g) Nothing contained in this Order or Byline's consent to the use of Cash Collateral pursuant to this Order shall constitute a determination that Byline is not entitled to additional adequate protection going forward for continued use of the Cash Collateral. This Order shall not constitute a finding by the Court that Byline's interests in the Cash Collateral are "adequately protected" within the meaning of sections 361 and 363 of the Bankruptcy Code. Nothing in this Order, the Motion, or the budget

attached to the Motion shall constitute a waiver or estoppel with respect to collateral values or adequate protection based thereon.

h) The court retains jurisdiction as to how the adequate protection payments authorized in this Order or subsequent orders are allocated.

i) The Motion is continued for status to October 18, 2016 at 10:00 a.m.

Enter:

*Donald R. Cassling*

United States Bankruptcy Judge

Dated: **3 0 AUG 2016**

**Prepared by:**
Mr. Paul M. Bach
Ms. Penelope N. Bach
Bach Law Offices
PO Box 1285
Northbrook, IL 60065
847-564-0808

Rev: 20130104_bko

Ada Grant
15-7521
3547 W. 26th Street

| Receipts | Tenant | Amount | Date Paid | Utilities |
|---|---|---|---|---|
| | Store | | | |
| | Upstairs | $0.00 | | |

| Expenses | | Amount |
|---|---|---|
| | Adequate Protection | $1,330.62 |
| | Light | $241.34 |
| | Gas | $252.00 |
| | Water | $27.83 |
| | Replaced furnace | $108.33 |
| | Taxes | $752.58 |
| | Insurance | $243.41 |
| Total | | $2,956.12 |

| Net Income | -$2,956.12 |
|---|---|